# United States Court of Appeals

### For the Eighth Circuit

_____

No. 25-2225

_____

United States of America

*Plaintiff - Appellee*

v.

Lance Brunsting

*Defendant - Appellant*

_____

No. 25-2233

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Spider, also known as House

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Southern

_____

Submitted: May 14, 2026
Filed: August 4, 2026

_____

Before L.R. SMITH, BENTON, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

Christopher A. Spider was convicted of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was also convicted of witness tampering, in violation of 18 U.S.C. § 1512(b)(1). On appeal, he challenges the sufficiency of the evidence, the admission of his two prior federal convictions for conspiracy to distribute meth, and the district court's[1] calculation of drug quantity. Having jurisdiction under 18 U.S.C. § 1291, this court affirms.

Lance P. Brunsting died while this appeal was pending. The criminal proceedings against him abated *ab initio*. *See **United States v. Bennett***, 765 F.3d 887, 893 (8th Cir. 2014). This court thus vacates his convictions and remands his case to the district court with instructions to dismiss the indictment as it pertains to him. ***Id***.

The conspiracy involved transporting meth from California to South Dakota. Spider, based in central South Dakota, received shipments of meth—about three pounds each—twice a month, for about six months beginning in early 2023. Evidence at trial showed Spider discussing the distribution of meth and the collection of proceeds, as well as admitting to distributing small amounts of meth. This was his third conviction for conspiracy to distribute meth.

While in a county jail for the meth conspiracy, Spider sent a letter to a co-defendant in another county jail. The letter threatened retribution against any co-defendant who testified, alluding to enforcement by Hell's Angels. The co-defendant testified at trial about the letter's contents.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

I.

Spider argues that the evidence was insufficient for a reasonable jury to find him guilty of conspiracy to distribute meth or of witness tampering.

This court reviews the sufficiency of the evidence de novo, "viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Teague*, 646 F.3d 1119, 1121–22 (8th Cir. 2011). This court must uphold the verdict if "any interpretation of the evidence would allow a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." *Id.* at 1122.

On the conspiracy to distribute meth conviction, Spider asserts that the government witnesses were not credible. He adds that the meth he received was not for the purpose of sale or distribution of any kind, but for personal use.

To the contrary, at least six witnesses testified about Spider's involvement in the conspiracy, supporting each element of the offense. *See United States v. Bailey*, 54 F.4th 1037, 1039 (8th Cir. 2022) (to prove a conspiracy to distribute a controlled substance, "the government must prove: (1) that there was a conspiracy, i.e., an agreement to distribute [meth]; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally or knowingly joined the conspiracy.").

If multiple witnesses testify that they bought or sold drugs to the defendant—even when impeached and arguably motivated to lie—this is generally not a basis for reversal. *United States v. McKay*, 431 F.3d 1085, 1094 (8th Cir. 2005). In addition to witness testimony, the evidence here included wiretaps of Spider's calls, meth seized during the investigation, and his own admissions. Questions regarding credibility and the weight of the evidence are for a jury to determine. "We will not weigh evidence or witness credibility, because those jury determinations are virtually unreviewable on appeal." *United States v. Myers*, 965 F.3d 933, 937 (8th Cir. 2020), *quoting United States v. Hollingshed*, 940 F.3d 410, 417 (8th Cir. 2019).

A reasonable jury could have believed the witnesses and the evidence. *See **Bailey***, 54 F.4th at 1042.

Two elements are required to prove witness-tampering. "First, the defendant must 'knowingly use intimidation, threaten, or corruptly persuade another person,' such as a victim." ***United States v. Richardson***, 92 F.4th 728, 730 (8th Cir. 2024), *quoting* **18 U.S.C. § 1512(b)**. Second, the defendant "must intend to 'influence, delay, or prevent' another's testimony 'in an official proceeding' or 'cause or induce' the person to 'withhold' it from one." ***Id.***, *quoting* **18 U.S.C. § 1512(b)(1), (2)(A)**.

Spider argues that the co-defendant's handwritten copy of the original letter she received was not threatening, intimidating, or corruptively persuasive. He adds that the letter is not credible, implying a fabrication by the co-defendant.

To the contrary, sufficient evidence supported convicting Spider of tampering with a witness. The co-defendant testified about the letter, its contents, and the context. Her mother, who had received a copy of the letter, corroborated her testimony. A jail officer confirmed that Spider sent it. A jury's conviction for witness tampering has been upheld where a defendant threatened a potential witness for stating "snitches get stitches" and encouraging the witness to "just do the time." ***United States v. Colhoff***, 833 F.3d 980, 983–84 (8th Cir. 2016). Even where the targeted witness is the only testifying witness that heard the threat, "a jury reasonably could conclude that [the defendant] intended to influence or prevent [the witness's] testimony" at trial. ***Id.*** at 984. Here, a reasonable jury could have similarly believed the witnesses and the evidence.

## II.

Spider argues that the district court erred in admitting his two prior federal convictions for conspiracy to distribute meth. He asserts that the government offered his two prior convictions only to show that he is a "bad person," suggesting that because he had distributed controlled substances in the past, he must be guilty here. Generally, evidence of prior criminal conduct is not admissible to prove a person's

character.  *See* **Fed. R. Evid. 404(b)**.  However, Rule 404(b) does permit the admission of evidence of the defendant's other crimes if the evidence is relevant to establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  ***Id.***  Evidence of prior crimes is admissible under Rule 404(b) where it is "(i) relevant to a material issue; (ii) proved by a preponderance of the evidence; (iii) higher in probative value than in prejudicial effect; and (iv) similar in kind and close in time to the crime charged." ***United States v. Franklin***, 250 F.3d 653, 658 (8th Cir. 2001).

This court reviews for abuse of discretion the admission of evidence under Rule 404(b), and reverses "only if it is clear that the evidence admitted had no bearing on any material issue and was offered solely to prove the defendant's criminal propensity." ***United States v. Turner***, 781 F.3d 374, 389 (8th Cir. 2015), *quoting* ***United States v. Peoples***, 250 F.3d 630, 638 (8th Cir. 2001).

The admission of Spider's two previous convictions was not an abuse of discretion.  They show that Spider possessed knowledge and intent to engage in a conspiracy to distribute meth.  *See* ***United States v. Davis***, 867 F.3d 1021, 1029 (8th Cir. 2017) (prior convictions for distributing drugs and even the possession of user-quantities of drugs are "relevant under 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs."); ***United States v. Turner***, 583 F.3d 1062, 1066 (8th Cir. 2009) ("Evidence of prior drug dealings is relevant to the material issue of whether [defendant] had the requisite intent to enter into a conspiracy.").

## III.

Spider argues that at sentencing, the district court miscalculated the amount of meth attributed to him for the conspiracy, which the court found as nine pounds, or at least six pounds.  He believes that the correct calculation is less than 1.5 kilograms (about 3.3 pounds)—which would reduce the base offense level.  The court sentenced him to 300 months in prison, the mandatory minimum.

This court reviews de novo the interpretation and application of the sentencing guidelines. *United States v. Mohr,* 772 F.3d 1143, 1145 (8th Cir. 2014). "We review the district court's factual finding of drug quantity for clear error and will reverse a determination of drug quantity only if the entire record definitely and firmly convinces us that a mistake has been made." *United States v. Garcia*, 774 F.3d 472, 474 (8th Cir. 2014) *quoting United States v. Minnis*, 489 F3d. 325, 329 (8th Cir. 2007). Miscalculation of a defendant's offense level is subject to harmless-error review. *United States v. Sigillito*, 759 F.3d 913, 940 (8th Cir. 2014).

Spider cannot show that any miscalculation affected his sentence. At Spider's sentencing hearing, the district court addressed this issue, stating that there is "sufficient evidence by a preponderance of the evidence to establish 9 pounds actual. But even if it was only 6 pounds as the defendant contends, it would still be a base offense level of 38 because it would be more than 4.5 kilos." The district court acted within its broad discretion when it considered the evidence offered and attributed 9 pounds of meth to Spider. Even if the district court miscalculated the amount of meth, any error was harmless, because Spider would have received the statutory mandatory minimum regardless. *See United States v. Wiggins*, 747 F.3d 959, 963–64 (8th Cir. 2014) (miscalculation of drug quantity did not affect base offense level and was therefore deemed harmless); *United States v. Morales*, 813 F.3d 1058, 1069 (8th Cir. 2016) (where application of an enhancement did not impact the mandatory minimum, any error was harmless).

\* \* \* \* \* \* \*

The judgment in case No. 25-2233 is affirmed. The judgment in case No. 25-2225 is vacated and remanded to the district court with instructions to dismiss the indictment as it pertains to Lance P. Brunsting.

STRAS, Circuit Judge, concurring in part and concurring in the judgment.

For the reasons explained in my concurrence in *United States v. Harrison*, I continue to have concerns about how we interpret and apply Federal Rule of Evidence 404(b) in cases like this one. 70 F.4th 1094, 1098–99 (8th Cir. 2023)

(Stras, J., concurring in the judgment).  But here, just like in *Harrison*, "plenty of evidence" supported Spider's drug-conspiracy conviction, so "admitting the prior conviction[s] had no substantial influence on the jury's verdict." *Id.* at 1099 (citation omitted).  In short, "I would affirm because any error . . . was harmless." *Id.* (noting "my 'reluct[ance] to magnify the burdens that our' counter-textual Rule-404(b) 'jurisprudence imposes on' criminal defendants" (alteration in original) (quoting *Ring v. Arizona*, 536 U.S. 584, 610 (2002) (Scalia, J., concurring))).

_____